CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 09 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 4:05CR00026 |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **ROBERT ANTUANE EGGLESTON,** | ) | |
| | ) | JUDGE JAMES P. JONES |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, a federal inmate sentenced by the late District Judge Jackson L. Kiser, seeks a reduction in his supervised release revocation sentence to one day, in accord with § 404(b) of the First Step Act of 2018 (FSA 2018). The government agrees that Eggleston is eligible but opposes a reduction in the term of imprisonment. The issues have been fully briefed and are ripe for decision.

I.

Eggleston pled guilty to distribution of five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). His total offense level was 23, based on a drug weight of seven grams of cocaine base and a three-level

reduction for acceptance of responsibility. His guideline range was 70–87 months. Eggleston was sentenced on May 30, 2006, to a total term of 130 months imprisonment, consisting of 70 months for the drug distribution offense and a consecutive mandatory minimum term of 60 months for the § 924(c) offense. At the time of his sentencing, the Sentencing Guidelines were mandatory, and Judge Kiser issued the lowest possible within-guidelines sentence.

On November 4, 2006, Eggleston's sentence was reduced to 40 months, 20 months on each count, because he had provided substantial assistance. He was released from federal custody on August 28, 2008, to serve a period of state incarceration. He was released from state custody on October 28, 2013, and began a four-year period of federal supervised release.

In 2016, Eggleston was charged with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (No. 4:16CR00003) and conspiracy to possess with intent to distribute and distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (No. 4:16CR00007-003). His probation officer had filed a petition on August 25, 2015, alleging violation of the conditions of his supervised release. Eggleston pled guilty to the two new charges. Because he committed these crimes while under supervision, they were a Grade A violation of his supervised release.

On June 15, 2017, the court sentenced Eggleston to 24 months on each of the violation counts, to be served concurrently to each other and consecutively to the sentence on the new charges. Eggleston received sentences of 120 months on each of the new federal charges, to run concurrently to each other and to any prior state sentence, and a new three-year term of supervised release. His projected release date is November 27, 2025.

II.

As noted by the court of appeals,

> [s]ection 404 of the FSA 2018, Pub. L. No. 115-391, 132 Stat. 5194, provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. Covered offenses are those for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010. § 404(a), 132 Stat. at 5222. Importantly, "[n]othing in [§ 404] shall be construed to require a court to reduce any sentence pursuant to this section." § 404(c), 132 Stat. at 5222.
>
> The FSA 2018 "fits under the narrow exception to finality provided by [18 U.S.C.] § 3582(c)(1)(B) because it expressly permits the court to modify a term of imprisonment." *United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019) (internal quotation marks and emphasis omitted). Available relief under the Act is limited to a sentence modification rather than a plenary resentencing. *See id.* at 181 n.1.

*United States v. France*, 799 F. App'x 191, 192 (4th Cir. 2020) (unpublished).

The court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted. In making this determination, I must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020).

Eggleston's original drug distribution offense is a covered offense. This is because the drug weight of seven grams satisfied 21 U.S.C. § 841(b)(1)(B) at the time of his sentencing, but following the Fair Sentencing Act of 2010, it would fall under 21 U.S.C. § 841(b)(1)(C), which has a lower statutory penalty. Eggleston was serving a term of supervised release on this offense when he violated the conditions of his release, which led to the 24-month revocation sentence he seeks to reduce.

The government does not contest that Eggleston is eligible to be considered for a reduction in sentence under § 404 of the FSA 2018. *See United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019). However, it asks the court not to exercise its direction to reduce his sentence of imprisonment in light of the serious breach of trust he committed while on supervised release.

In support of his motion, Eggleston cites several factors. First, the guideline range for his violation has changed. At the time he was sentenced, his violation was considered Grade A because his underlying drug distribution offense was classified as a "controlled substance offense" under the sentencing guidelines and he was on

supervised release for a Class A felony. The Fourth Circuit has since held, however, that a conspiracy offense does not qualify as a controlled substance offense. *United States v. Norman*, 935 F.3d 232, 237 (4th Cir. 2019). Today, the violation would be a Grade B violation, and the Chapter Seven policy guideline range would be 12–18 months rather than 24–30 months.

Second, Eggleston asserts that he overserved his original sentence of imprisonment, which he completed before passage of the FSA 2018. When he was first sentenced on the original offenses, there was a mandatory minimum five-year term of imprisonment on each offense, to be served consecutively. His guideline range on the drug distribution count was 70–87 months. Today, there would be no mandatory minimum sentence on that count, and according to defense counsel, his guideline range would be 27–33 months. Had he received a sentence at the low end of the guideline range and an equivalent reduction for substantial assistance, he would have served a total term of just 28 months in prison. Instead, he served three years. Eggleston argues that reducing his revocation sentence from 24 months to one day would serve to rectify this injustice, noting that he is a Black man who fell prey to the disparate impact of the crack cocaine sentencing disparity.

Third, Eggleston cites his positive prison record. He has been incarcerated for about seven years following his revocation, and he has had no disciplinary infractions since 2008, during his first period of incarceration. He has shown no

tendency toward violence, and he has taken various classes to better himself. Substance abuse treatment has been suspended due to the current COVID-19 pandemic, but he plans to enroll when it resumes.

Fourth, Eggleston contends that he is not a threat to public safety given his history of mostly low-level offenses. He argues that his criminal history category of IV at the time of his initial sentencing overstated his history, which consisted largely of juvenile offenses that led to no incarceration and several instances of driving under the influence, driving without a license, and failure to appear. Eggleston asserts that these offenses were a result of poor judgment in youth and substance abuse issues. His marijuana-related offenses would not be illegal today given that Virginia recently decriminalized marijuana.

Finally, Eggleston asserts that the circumstances of his incarceration have been much harsher than anticipated due to the COVID-19 pandemic. He contracted the virus in November 2020. Programming, visitation, and recreation are unavailable due to pandemic restrictions. He is served bagged lunches rather than normal meals. He has lost several family members. All these conditions have resulted in his incarceration being much more difficult than it was at the time he was sentenced.

In opposing Eggleston's motion, the government primarily points to the circumstances of the violation that led to his revocation sentence. On August 25,

2015, he admitted to an ATF agent that he had flushed two ounces of cocaine just before a search warrant was executed on a hotel room. He was found with $1,100 in proceeds from drug sales. In pleading guilty to the new offenses, he agreed he was responsible for between 280 and 840 grams of cocaine base and agreed to forfeit a semi-automatic rifle, semi-automatic pistol, and ammunition.

The government also argues that the dramatic 71% reduction Eggleston received for his substantial assistance effectively eliminated the crack cocaine sentencing disparity. Despite getting a second chance upon his release, Eggleston returned to drug dealing within a couple years and dealt in much greater quantities of cocaine base, with dangerous firearms. The government contends that additional charges could have been brought against Eggleston had it been known that subsequent changes in the law would render his conspiracy conviction not a controlled substance offense. Eggleston did not just conspire to distribute cocaine base, he actually distributed it, and he could have been charged accordingly.

### III.

On balance, I find that the § 3553(a) factors favor the government's position, and it is **ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to § 404 of the First Step Act of 2018, ECF No. 76, is DENIED.

ENTER: September 9, 2021

/s/ JAMES P. JONES
Senior United States District Judge